UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ABLAVI GLORIA MALM, a/k/a Ablavi
Djidjo Malm,

*Petitioner,*

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE; JOHN ASHCROFT, Attorney
General,

*Respondent.*

No. 00-2371

On Petition for Review of an Order of the Board of Immigration
Appeals.
(A75-381-338)

Argued: June 6, 2001

Decided: August 10, 2001

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished opinion. Judge Gregory wrote the opinion,
in which Judge Williams and Judge King joined.

## COUNSEL

**ARGUED:** Morton Harvey Sklar, Executive Director, WORLD
ORGANIZATION AGAINST TORTURE, USA, Washington, D.C.,
for Petitioner. Ernesto Horacio Molina, II, Senior Litigation Counsel,
Office of Immigration Litigation, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

**ON BRIEF:** Helen Harnett, Legal Intern, WORLD ORGANIZA-
TION AGAINST TORTURE, USA, Washington, D.C.; Patricia
Ruble, Consulting Attorney, Melissa Kronstain, Consulting Attorney,
Jen Smith, Legal Intern, Dana Thompson, Legal Intern, CATHOLIC
UNIVERSITY LAW SCHOOL, Washington, D.C., for Petitioner.
David W. Ogden, Assistant Attorney General, David V. Bernal,
Assistant Director, Office of Immigration Litigation, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

GREGORY, Circuit Judge:

Ablavi Djidjo Malm, a native and citizen of Togo, appeals the
Board of Immigration Appeals' ("Board") order denying her second
motion to reopen her removal proceedings for failure to adhere to the
numerical and time limitations on motions to reopen set forth in 8
C.F.R. § 3.2(c)(2) (2000). Finding no reversible error, we affirm.

I.

Malm entered the United States on October 29, 1994, as a tourist.
After overstaying her tourist visa, Malm filed for political asylum on
October 20, 1997. Because the Immigration and Naturalization Ser-
vice ("INS") was not kept apprised of Malm's current address, Malm
did not attend her asylum hearing and her case was closed for failure
to appear. On February 4, 1998, the INS served Malm with a notice
to appear, charging her with remaining in the United States longer
than permitted in violation of § 237(a)(1)(B) of the Immigration and
Nationality Act ("INA"). *See* 8 U.S.C.A. § 1227(a)(1)(B) (West
1999).

After Malm failed to show for her hearing on April 15, 1998, the immigration judge ("IJ") entered a removal order against her *in absentia*. On July 24, 1998, Malm filed a motion to reopen her removal proceedings and requested a stay of removal. The IJ denied the motion and request for a stay, finding that (1) a notice of hearing was sent to Malm at her last known address; (2) Malm failed to show that she filed a change of address form with the INS; (3) Malm failed to show any exceptional circumstances justifying her failure to appear; and (4) Malm's motion to reopen was untimely as it was filed more than ninety days after the entry of the order of deportation.

On February 7, 2000, the Board affirmed the IJ's denial of her motion to reopen. The Board based its decision on (1) Malm's failure to show that a reopening was warranted; (2) its determination that she received notice of her deportation hearing at her last known address; and (3) its finding that the person Malm attempted to blame for her failure to appear was not an attorney or someone authorized to practice before the INS or the Board and therefore Malm could not make out a claim for ineffective assistance of counsel. Malm subsequently filed a petition for review with this court, which was dismissed as untimely filed.

Malm filed a second motion to reopen on May 26, 2000, seeking to apply for asylum and benefits under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Malm again requested a stay of removal. The Board denied the motion based on 8 C.F.R. § 3.2(c)(2) (2000), which provides that an immigrant may file only one motion to reopen and such motion must be filed no later than ninety days after the date of the final order of deportation. The Board concluded that Malm had exceeded the numerical limitation set out in the regulation and that the motion was not timely filed. Further, the Board noted that Malm did not fall within the limited exception to the numerical and time limitations applicable to motions to reopen because her motion did not depend on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 3.2(c)(3)(ii). Malm filed a timely notice of appeal in this court.

II.

Although Malm raises troubling allegations of abuse and violence at the hands of the Government of Togo, the underlying issue before us is relatively simple. Malm claims that the time and numerical restrictions for filing a motion to reopen cannot apply to newly presented claims for protection under CAT. For the reasons discussed below, we affirm the Board's order denying Malm's second motion to reopen.

A.

The Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), § 2242, Pub. L. No. 105-277, 112 Stat. 2681, 2681-822 (Oct. 21, 1998), implemented Article 3 of CAT in the United States. Article 3 of CAT states that "[n]o State Party shall expel, return ('refouler') or extradite a person to another State where there are substantial grounds for believing that he would be in danger and subjected to torture." Malm claims that CAT "prohibit[s] a return to torture under any circumstance, and that the time and numerical limitations of the INS administrative regulations cannot be relied upon to deny at least one full and fair opportunity to have a CAT claim properly considered." (Appellant's Br. at 15-16). In support of her argument, Malm notes that neither the provisions of the treaty nor the reservations adopted by the Senate in ratifying the treaty provide for any time limitations on filing a claim under Article 3 of CAT.

We first address Malm's argument that she was not given an opportunity to pursue her claims and conclude that her procedural predicament was caused by her own failure to timely pursue relief. First, Malm did not provide the INS with a current address, thus failing to appear for her scheduled hearing and abandoning her asylum claim in the immigration court. Second, Malm's initial motion to reopen was untimely filed in the immigration court. Although Malm could have raised arguments before this court regarding her lack of knowledge as to the hearing date, and by extension, the deadline for filing a motion to reopen, her notice of appeal before this court was untimely filed. Third, Malm's second motion to reopen was also untimely filed with the Board. Although the INS argues that the final order in Malm's case was entered on April 15, 1998, when the IJ

entered a removal order *in absentia*, the Board used the date of its denial of Malm's first motion to reopen in determining the timeliness of her second motion. Even using the later date of February 7, 2000, Malm's second motion to reopen was still untimely.

At oral argument, however, Malm's counsel claimed that she should have been given an additional thirty days (the time period to appeal an IJ's decision to the Board) to file her motion to reopen pursuant to 8 C.F.R. § 3.39 (2000). Although Malm alluded to this thirty day extension in her reply brief, she did not raise it in her initial brief on appeal. We have held that "an issue first argued in a reply brief is not properly before a court of appeals." *Cavallo v. Star Enter.*, 100 F.3d 1150, 1152 (4th Cir. 1996). Even if we were to consider this argument on the merits, we note that it is without merit. Section 1229a(c)(6)(C)(i) clearly states that a motion to reopen must be "filed within 90 days of the date of entry of a final administrative order of removal." Assuming, without deciding, that Malm's order of removal became final on the later date of February 7, 2000, when the Board denied her initial motion to reopen, her second motion to reopen was still untimely filed.[1] The extra thirty day period referred to in 8 C.F.R. § 3.39 applies only in the determination of when the order of an IJ becomes final where no appeal is taken to the Board; it has no bearing on the timeliness of Malm's motion to reopen.[2]

Finally, Malm was given an opportunity to file a motion to reopen to apply for protection under CAT pursuant to the special regulatory procedures provided by the INS. On February 19, 1999, the INS published an interim rule implementing FARRA, permitting aliens whose

---

[1]We note that the filing of Malm's second motion to reopen did not affect the finality of the Board's February 7, 2000 order. *See Stone v. INS*, 514 U.S. 386, 405 (1995).

[2]Malm's counsel also raised an issue at oral argument and in her reply brief that this time period should have been equitably tolled. Equitable tolling, however, "is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands. . . . For this reason, '[e]quitable tolling is unavailable where a party fails to exercise due diligence.'" *Jobe v. INS*, 238 F.3d 96, 100 (1st Cir. 2001) (citations omitted). Given our conclusion that Malm failed to timely seek relief, we find that equitable tolling is not an appropriate remedy in this case.

cases became final before March 22, 1999, to apply for protection under CAT on or before June 21, 1999. 8 C.F.R. § 208.18(b)(2) (2000). In order to ensure that such aliens had a full and fair opportunity to present their claims under CAT, the regulation states that:

> Such motions shall be governed by §§ 3.23 and 3.2 of this chapter, except that the time and numerical limitations on motions to reopen shall not apply and the alien shall not be required to demonstrate that the evidence sought to be offered was unavailable and could not have been discovered or presented at the former hearing. The motion to reopen shall not be granted unless: (i) The motion is filed within June 21, 1999; and (ii) The evidence sought to be offered establishes a prima facie case that the applicant's removal must be withheld or deferred under §§ 208.16(c) or 208.17(a).

*Id.* Malm, however, did not file her motion to reopen seeking protection under CAT until May 26, 2000.

Because Malm repeatedly missed available opportunities to pursue her claims, we cannot agree with her argument that she has been denied a fair opportunity to present her claims under CAT.

### B.

Having satisfied ourselves that Malm had an opportunity to pursue relief under CAT, we turn to her argument that the Board improperly denied her second motion to reopen. We review the Board's denial of a motion to reopen for abuse of discretion, *INS v. Doherty*, 502 U.S. 314, 323-24 (1992); *Yanez-Popp v. INS*, 998 F.2d 231, 234 (4th Cir. 1993), and its decision will be upheld absent a showing that it was arbitrary or capricious. *Gottesman v. INS*, 33 F.3d 383, 389 (4th Cir. 1994). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. *M.A. v. INS*, 899 F.2d 304, 308 (4th Cir. 1990) (en banc).

We find that the Board did not abuse its discretion in denying Malm's motion to reopen. Because we conclude that Malm has not

timely filed her request for relief under CAT, we now address her alternative argument that the time and numerical limitations on such motions are invalid as applied to immigrants who are likely to suffer torture upon their return. The First Circuit recently rejected a similar argument, finding that the petitioner:

> points to nothing in the convention or legislation that precludes the United States from setting reasonable time limits on the assertion of claims under the convention in connection with an ongoing proceeding or an already effective order of deportation. Even in criminal cases, constitutional and other rights must be asserted in a timely fashion.

*Foroglou v. Reno*, 241 F.3d 111, 113 (1st Cir. 2001). We agree with the First Circuit; neither CAT nor FARRA affirmatively indicate that relief must be available notwithstanding temporal or numerical limitations.

Further, we note that in passing a resolution of ratification, the United States Senate specifically stated that articles one through sixteen of CAT are not self-executing. 136 Cong. Rec. S17486, S17492 (Oct. 27, 1990). A treaty that is not self-executing is enforceable only to the extent that it is implemented by Congress. As noted by the INS, none of FARRA's provisions obviated the previously established numerical or time limitations. Rather, FARRA § 2242(b) specifically delegated authority to the Attorney General to implement regulations giving effect to CAT. The INS argues that Congress was aware that it had previously ordered the Attorney General to implement numerical and temporal limitations on motions to reopen. Despite its knowledge of these limitations, it failed to displace them in enacting FARRA, giving rise to the inference that Congress did not intend to modify its direction to the Attorney General to set time and numerical limitations. *See Brown & Williamson Tobacco Corp. v. FDA*, 153 F.3d 155, 170 (4th Cir. 1998), *aff'd* 529 U.S. 120 (2000); *see also Bob Jones Univ. v. United States*, 461 U.S. 574, 599-601 (1983).

We need not, however, rely on Congressional inaction to uphold the Board's application of the time and numerical limitations. Even assuming that FARRA is ambiguous as to whether Congress intended to retain these limitations in this context, we find that the Board's

interpretation is reasonable and therefore entitled to deference under the principles of construction established by the Supreme Court in *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). In *Chevron*, the Supreme Court stated that "'[t]he power of an administrative agency to administer a congressionally created . . . program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress.'" *Id.* at 843 (quoting *Morton v. Ruiz*, 415 U.S. 199, 231 (1974)).

The Supreme Court recognized that an agency often must reconcile competing policy objectives in implementing procedures. Here, the Attorney General was faced with the need to achieve finality in deportation or removal cases, *see INS v. Abudu*, 485 U.S. 94, 108-10 (1988), and the desirability of ensuring that every alien has some opportunity to apply for CAT protection. In implementing regulations to carry out the CAT objectives, the Attorney General afforded all aliens at least some opportunity to file a CAT claim by setting a June 21, 1999 deadline to file a motion to reopen and waiving the general numerical and temporal limitations for cases which had attained finality before March 22, 1999. 8 C.F.R. § 208.18(b)(2) (2000). The limitations are still applicable to all other motions to reopen, thus retaining the policy goal of achieving finality in immigration cases.

If the Attorney General's "choice represents a reasonable accommodation of conflicting policies that were committed to the agency's care by the statute, [the reviewing court] should not disturb it unless it appears from the statute or its legislative history that the accommodation is not one that Congress would have sanctioned." *Chevron*, 467 U.S. at 844 (quotation omitted). Because we find that the numerical and temporal limitations of 8 C.F.R. § 3.2, coupled with the extension of time to apply for CAT protection pursuant to 8 C.F.R. § 208.18(b)(2), reasonably accommodate these conflicting policies, we reject Malm's invitation to overturn these limitations in the CAT context.

### III.

For the foregoing reasons, we affirm the Board's order denying Malm's second motion to reopen.

*AFFIRMED*