**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1678

ABLAVI DJIDJO MALM,

Petitioner - Appellant,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (CA-01-3159-CCB)

Argued: May 24, 2005                   Decided: October 12, 2005

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Petition for review denied by unpublished per curiam opinion.

**ARGUED:** Morton Harvey Sklar, Executive Director, WORLD ORGANIZATION FOR HUMAN RIGHTS USA, Washington, D.C., for Appellant. Ernesto Horacio Molina, II, Senior Litigation Counsel, UNITED STATES DEPARTMENT OF JUSTICE, Civil Division, Office of Immigration Litigation, Washington, D.C., for Appellee. **ON BRIEF:** Matthew Packer, Legal Intern, Severina Rivera, Volunteer Attorney, Sapna Lalmalani, Legal Intern, WORLD ORGANIZATION FOR HUMAN RIGHTS USA, Washington, D.C., for Appellant. Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, UNITED STATES DEPARTMENT OF JUSTICE, Civil Division, Office of Immigration Litigation, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ablavi Gloria Malm appeals the denial of her 28 U.S.C.A. § 2241 (West 1994) petition by the district court, arguing that the Convention Against Torture (CAT) and its implementing statutes do not permit limitations on the time within which to file claims and that her due process rights were violated during her removal hearings. We treat Malm's appeal as a petition for review of her final order of deportation and deny the petition because collateral estoppel bars Malm from relitigating these issues.

I.

Malm is a native and citizen of Togo who entered the United States on October 29, 1994, on a visitor's visa. Malm applied for asylum on October 20, 1997, alleging that she had been raped and tortured in Togo by government officials. Malm's asylum hearing was scheduled for April 15, 1998, but she did not appear. The hearing was held in absentia, and Malm was ordered removed. Malm filed a motion to reopen on July 24, 1998, alleging that she did not receive notice of the hearing because a paralegal that was assisting her with the case did not inform the Immigration Judge (IJ) that Malm had moved. On September 10, 1998, the IJ denied the motion to reopen, finding that notice of the hearing had been sent to Malm's last known address, and that Malm failed to show extraordinary circumstances justifying her failure to appear. The

IJ also noted that Malm's motion to reopen was filed more than 90 days after the removal order and therefore was out of time.

Malm filed an appeal with the Board of Immigration Appeals (BIA), alleging that ineffective assistance of counsel caused her failure to appear. Malm's appeal was denied on February 7, 2000, with the BIA concluding that Malm could not satisfy the ineffective assistance of counsel standards announced in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), because Malm's representative was neither an attorney nor authorized to appear before the BIA. Malm then filed with this court a petition for review which we dismissed as untimely.

On May 26, 2000, Malm filed a second motion to reopen with the BIA, requesting asylum and relief under CAT. On September 28, 2000, the BIA denied this motion under 8 C.F.R. § 3.2(c)(2) (2000), which provided that a party may file only one motion to reopen absent changed circumstances.[1] The BIA also found that the motion to reopen was untimely under § 3.2(c)(2), which requires any motion to reopen be filed within 90 days of the final administrative decision.

Malm filed a timely petition for review in this court from the denial of her second motion to reopen. Oral argument was held, and we affirmed the BIA's decision by unpublished opinion. Malm v.

---

[1]This section has been recodified without substantive change at 8 C.F.R. § 1003.2(c)(2) (2005).

4

<u>Ashcroft</u>, 2001 U.S. App. LEXIS 18178 (4th Cir. August 10, 2001). Before this court, Malm argued that she was not given an opportunity to present her claims for asylum and that § 3.2(c)(2) violated CAT and its implementing statutes. Article 3 of CAT provides that "no State Party shall expel, return ('refouler') or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." The United States is a signatory party to CAT, and implemented Article 3 in the Foreign Affairs Reform and Restructuring Act of 1998 § 2242(d) (FARRA), 8 U.S.C.A. § 1231 (West 1999). Malm argued that because CAT "prohibits a return to torture under any circumstance . . . the time and numerical limitations of the INS administrative regulations cannot be relied upon to deny at least one full and fair opportunity to have a CAT claim properly considered." <u>Malm</u>, 2001 U.S. App. LEXIS 18178 at **5.

Although we noted that "Malm raises troubling allegations of abuse and violence," we affirmed the BIA's denial of her second motion to reopen. <u>Id.</u> at **4. First, we found that "her procedural predicament was caused by her own failure to timely pursue relief." <u>Id.</u> at **6. Thus, we concluded that Malm had a fair opportunity to pursue relief under CAT, and simply "repeatedly missed available opportunities" to do so. <u>Id.</u> at **9-10. We then

5

found that neither CAT nor FARRA precluded the INS from adopting reasonable time limitations on raising CAT claims.  Id. at **11.

On October 22, 2001, Malm filed a petition for writ of habeas corpus pursuant to § 2241 in the United States District Court for the District of Maryland.  Malm contended that § 3.2(c)(2), the limitation on filing more than one motion to reopen, as applied in her case, violated CAT and FARRA, which she alleged include no time limitations on the obligations of State parties to retain persons in jeopardy of being tortured, and that it also violated her due process rights to have her CAT claim heard.  The district court denied Malm's § 2241 petition.  The district court first concluded that it did not have subject matter jurisdiction over the petition because Malm had alternate judicial forums in which to raise her claims.[2]  In the alternative, the district court found that collateral estoppel barred Malm's claims.  The district court also found that, even assuming collateral estoppel did not apply, Malm's claims were without merit.  Malm filed a timely appeal of that order.

Shortly before oral argument in this case, however, Congress enacted the REAL ID Act of 2005 § 106, Pub. L. No. 109-13, 119

---

[2]At the time of the district court's order, this legal conclusion was likely erroneous.  See INS v. St. Cyr, 533 U.S. 289, 314 (2001) (noting  "habeas jurisdiction under § 2241 was not repealed by AEDPA and IIRIRIA."); see also Riley v. INS, 310 F.3d 1253 (10th Cir. 2002) (holding § 2241 petitions remain available for non-criminal aliens); Liu v. INS, 293 F.3d 36 (2d Cir. 2002) (same); Chmakov v. Blackman, 266 F.3d 210 (3d Cir. 2001) (same).

6

Stat. 231, 310-311 (May 11, 2005) (to be codified as amendments and notes to 8 U.S.C.A. § 1252).[3]  The REAL ID Act provides that petitions for review in circuit courts are to be the exclusive means of judicial review in the immigration context, and it expressly states that district courts shall not have habeas jurisdiction.  Id. at § 106(a)(1)(A)(iii).  The Act applies to any "final administrative order of removal, deportation, or exclusion . . . issued before, on, or after the date of enactment of this division."  Id. at § 106(b).  The Act also provides that any § 2241 petition currently pending in the district courts be transferred to the proper court of appeals and treated as a petition for review. Id. at § 106(c).  Although review of the denial of Malm's § 2241 petition was actually pending before us at the time of enactment, the parties agree that we may, under the transfer provisions of the Act, treat Malm's action as a petition for review.  Accordingly, we will treat Malm's action as a petition for review of her final order of removal.  We deny the petition, however, because of collateral estoppel.

## II.

Collateral estoppel, or issue preclusion, bars subsequent litigation of legal and factual issues common to an earlier action

---

[3]Upon our request at oral argument, the parties provided supplemental briefing on the potential impact of the REAL ID Act on this case.

7

that were "actually and necessarily determined" in the first litigation. <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979); <u>Combs v. Richardson</u>, 838 F.2d 112, 114 (4th Cir. 1988). Thus, "[c]ollateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." <u>Sedlack v. Braswell Servs. Group, Inc.</u>, 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks omitted). To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. <u>See</u> <u>id.</u>

A related doctrine is that of claim preclusion, also referred to as res judicata. Claim preclusion provides that if a claim arises from the same cause of action as a claim already litigated, then the judgment in the first action bars litigation of the second claim. <u>See</u> <u>Nevada v. United States</u>, 463 U.S. 110, 129-30 (1983). Thus, "[a] final judgment on the merits of an action precludes the

8

parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). For claim preclusion to apply, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. See Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981).

With this framework in place, we turn to Malm's claims. Malm's first contention - that § 3.2(c)(2), the regulation limiting the ability to file more than one motion to reopen, violates both CAT and FARRA - is clearly barred by collateral estoppel. This claim is an exact reproduction of her argument before this court in her initial petition for review.

Malm makes two arguments to counter this conclusion, both of which lack merit. First, Malm contends that our discussion of this claim in the earlier case was dicta. She garners support for this contention from the following sentence: "Further, we note that in passing a resolution of ratification, the United States Senate specifically stated that articles one through sixteen of CAT are not self-executing." Malm, 2001 U.S. App. LEXIS at **11. According to Malm, the phrase "in passing" is an indication that this portion of the opinion is dicta. This argument misunderstands the grammatical structure of the sentence -- the phrase "in

9

passing" refers to the Senate's adoption of the CAT and does not signal that the analysis is dicta.

Next, Malm argues that we lacked the ability to consider statutory claims in her initial petition for review because our task is to review BIA orders and the BIA lacks the ability to consider those claims. Again, this argument is without merit; we frequently address statutory and constitutional arguments in petitions for review that are beyond the BIA's scope of review. See, e.g., Blanco de Belbruno v. Ashcroft, 362 F.3d 272 (4th Cir. 2004) (addressing statutory and constitutional challenges to BIA's streamlining procedure). And, in fact, we did carefully consider Malm's statutory argument in the prior petition for review. See Malm, 2001 U.S. App. LEXIS at **10-14.

Malm's second claim in her current action is that her due process rights were violated because she was not permitted to present her claims under the CAT. Our earlier opinion contains no direct mention of "due process," but we did iterate that Malm's first argument was "that she was not given an opportunity to pursue her claim." Id. at **7. We rejected this argument by finding "Malm repeatedly missed available opportunities to pursue her claims." Id. at **9-10. Although this quoted portion from the opinion does not explicitly use the term "due process," it is clear that due process was the basis for the argument Malm was pressing before this court, and that our resolution of the issue was based

10

upon the fact that Malm received the process she was due. Moreover, even assuming that collateral estoppel does not bar this claim, because the argument that Malm's due process rights were violated stems from the same cause of action as her statutory and treaty-based contentions, it would be barred by claim preclusion.

### III.

In sum, we treat Malm's appeal as a petition for review, and deny that petition for review as barred by collateral estoppel.[4]

<u>PETITION FOR REVIEW DENIED</u>

---

[4]We do note, in passing, that Malm has raised several constitutional challenges to the REAL ID Act in her supplemental briefing. Because Malm is a non-criminal alien who already has had a full opportunity to litigate her claims in an earlier proceeding, her case does not require us to delve into any sticky constitutional issues. We by no means suggest, however, that the REAL ID Act is constitutional in all of its applications by referring to its enactment in the context of deciding this case.

11